# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **ROBERT F. COCKERILL and CHRISTOPHER WILLIAM NEWTON, individually and as representatives on behalf of a class similarly situated persons,** | |
| **Plaintiffs,** | **Civil Action No. 2:21-cv-03966-MMB** |
| **v.** | |
| **CORTEVA, INC.; DUPONT SPECIALTY PRODUCTS USA, LLC; DUPONT DE NEMOURS, INC.; E.I. DU PONT DE NEMOURS AND COMPANY; THE PENSION AND RETIREMENT PLAN; THE ADMINISTRATIVE COMMITTEE,** | |
| **Defendants.** | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

Defendants Corteva, Inc., E.I. du Pont de Nemours and Company,[1] DuPont de Nemours, Inc., DuPont Specialty Products USA, LLC,[2] the Pension and Retirement Plan and the Benefit Plans Administrative Committee (named in the Complaint as the "Administrative Committee") (collectively, "Defendants") file this Reply in Support of their Motion to Dismiss (the "Motion") (ECF No. 21) Plaintiffs' Class Action Complaint (the "Complaint") (ECF No. 1).

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ Cory A. Thomas*
Cory A. Thomas (I.D. No. 308807)

---

[1] E.I. du Pont de Nemours and Company ("Historical DuPont") is a subsidiary of Corteva, Inc.

[2] DuPont Specialty Products USA, LLC ("Specialty Products") is a subsidiary of DuPont de Nemours, Inc.

Nipun J. Patel (I.D. No. 208130)
Cira Centre
2929 Arch Street, Suite 800
Philadelphia, PA  19104
(215) 252-9600
Cory.Thomas@hklaw.com
Nipun.Patel@hklaw.com

Todd D. Wozniak *
1180 West Peachtree Street N.W., Suite 1800
Atlanta, GA  30309
(404) 817-8431
Todd.Wozniak@hklaw.com

* *Admitted Pro Hac Vice*

Dated:  December 8, 2021

**Table of Contents**

Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

I.      Count I Should Be Dismissed Because Plaintiffs Cannot Plausibly Plead
Entitlement to Early Retirement Benefits. ............................................................. 2

II.     Count II Should Be Dismissed Because Newton Has Not Pled, And Cannot
Plead, Sufficient Facts To Give Rise To A Plausible Claim That He Is
Entitled To Optional Retirement Benefits Under The Terms Of The Plan. .............. 5

III.    Count III Should Be Dismissed Because The Complaint Does Not
Sufficiently Allege Any Material Misrepresentation or Inadequate Disclosure
by A Plan Fiduciary; Nor Does It Sufficiently Allege Detrimental Reliance
By Plaintiffs. ....................................................................................................... 6

      A.    The Complaint Does Not Sufficiently Plead A Material
Misrepresentation Or Inadequate Disclosure By A Plan Fiduciary. ............ 7

      B.    The Complaint Does Not Plead Any Facts To Support Detrimental
Reliance. ................................................................................................. 9

IV.    Count III Should Also Be Dismissed Because The Complaint Fails To State
A Claim Against Defendants For Co-Fiduciary Liability Under ERISA §
405(a). ................................................................................................................ 10

V.     Count IV Should Be Dismissed Because Plaintiffs Have Not Pled A Plausible
Claim For Interference With A Protected Right Under § 510 of ERISA. ............... 10

VI.    Count V Is Preempted By ERISA And Should Be Dismissed. ............................. 11

VII.   Newton's Claims, Except Possibly Count II, Should Be Dismissed Pursuant
To The Settlement Agreement And General Release He Executed On July 1,
2019. ................................................................................................................... 12

VIII.  This Action Must Also Be Dismissed As To The Putative Class Members. .......... 13

CONCLUSION .................................................................................................................. 14

**Page(s)**

**Cases**

*In re Aspartame Antitrust Litig.*,
No. 2:06-CV-1732-LDD, 2008 WL 4724094 (E.D. Pa. Aug. 11, 2008) ................................ 13

*Bass v. Butler*,
116 F. App'x 376 (3d Cir. 2004) ............................................................................................. 13

*Bicknell v. Lockheed Martin Group Benefits Plan*,
No. 10-1212, 2011 U.S. App. LEXIS 2715 (3d Cir. Feb. 10, 2011) .................................... 9, 10

*Brown v. Philadelphia Hous. Auth.*,
350 F.3d 338 (3d Cir. 2003) ................................................................................................... 13

*Clark v. Hartford Life & Accident Ins. Co.*,
No. 06-0945, 2006 WL 3359651 (E.D. Pa. Nov. 17, 2006) ................................................... 12

*Cranston v. PJM Interconnection LLC*,
No. CIV.A. 13–04916, 2014 WL 5503151 (E.D. Pa. Oct. 31, 2014) ....................................... 2

*Cuchara v. Gai-Tronics Corp.*,
129 F. App'x 728 (3d Cir. 2005) ............................................................................................. 13

*Curtiss-Wright Corp. v. Schoonejongen*,
514 U.S. 73 (1995) ..................................................................................................................... 2

*Dewitt v. Penn-Del Directory Corp.*,
106 F.3d 514 (3d Cir. 1997) ................................................................................................... 10

*Donachy v. Intrawest U.S. Holdings, Inc.*,
No. CIV.A. 10-4038 RMB, 2012 WL 869007 (D.N.J. Mar. 14, 2012) ................................... 13

*Fischer v. Philadelphia Elec. Co.*,
994 F.2d 130 (3d Cir. 1993) ..................................................................................................... 8

*Harrow v. Prudential Ins. Co. of Am.*,
279 F.3d 244 (3d Cir. 2002) ..................................................................................................... 4

*Hooven v. Exxon Mobil Corp.*,
465 F.3d 566 (3d Cir. 2006) .............................................................................................. 2, 5, 6

*Hozier v. Midwest Fasteners, Inc.*,
908 F.2d 1155 (3d Cir. 1990) ................................................................................................... 9

*Jackson v. Rohm & Haas Co.*,
    No. CIV.A. 05-4988, 2007 WL 2702804 (E.D. Pa. Sept. 12, 2007)................................. 11

*Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*,
    555 U.S. 285 (2009) .........................................................................................2, 3, 6

*Labus v. Navistar Int'l Transp. Corp.*,
    740 F. Supp. 1053 (D.N.J. 1990) ................................................................................. 12

*Lehman v. Prudential Ins. Co. of Am.*,
    74 F.3d 323 (1st Cir. 1996)........................................................................................... 11

*McLendon v. Cont'l Can Co.*,
    908 F.2d 1171 (3d Cir. 1990) ...................................................................................... 11

*Moon v. v. E.I. DuPont de Nemours and Company*,
    19-cv-01856-SB, 2021 WL 2021 ..............................................................................5, 7

*Plavin v. Group Health Inc.*,
    323 F. Supp. 3d 684 (M.D. Pa. 2018) ....................................................................... 13

*Saltzman v. Indep. Blue Cross*,
    384 F. App'x 107 (3d Cir. 2010) ................................................................................... 3

*Shaver v. Siemens Corp.*,
    670 F.3d 462 (3d Cir. 2012) ....................................................................................... 12

*Shaw v. Delta Air Lines, Inc.*,
    463 U.S. 85 (1983) ...................................................................................................... 12

*Shook v. Avaya, Inc.*,
    625 F.3d 69 (3d Cir. 2010)........................................................................................7, 9

*Sleep Tight Diagnostic Ctr., LLC v. Aetna Inc.*,
    399 F. Supp. 3d 241 (D.N.J. 2019) ........................................................................... 12

*In re Unisys Corp. Long-Term Disability Plan*,
    97 F.3d 710 (3d Cir. 1996)............................................................................................ 5

*In re Unisys Corp. Retiree Med. Ben. ERISA Litig.*,
    58 F.3d 896 (3d. Cir. 1995) .......................................................................................... 8

*Univ. Spine Ctr. v. Anthem Blue Cross of California*,
    No. CV1912639KMJBC, 2020 WL 814181 (D.N.J. Feb. 18, 2020)............................2

*Velazquez v. State Farm Fire & Cas. Co.*,
    No. 19-CV-3128, 2020 WL 1942784 (E.D. Pa. Mar. 27, 2020) ............................... 13

*Vitale v. Latrobe Area Hosp.*,
   420 F.3d 278 (3d Cir. 2005) ................................................................. 8

*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1988) ................................................................. 4

**Statutes**

29 U.S.C. § 1140 ...................................................................................... 10

29 U.S.C. § 1144(a) ................................................................................. 12

ERISA ............................................................................................... *passim*

ERISA § 405(a) ....................................................................................... 10

ERISA § 502(a)(1)(B) ............................................................................ 2, 3

ERISA § 510 .................................................................................. 1, 10, 11

ERISA § 514(a) ....................................................................................... 12

# INTRODUCTION

In their Opposition brief (ECF No. 22), Plaintiffs ask the Court to ignore the plain terms of the Plan as well as binding Third Circuit case law. Plaintiffs' Complaint should be dismissed because all five Counts fail to state a claim as a matter of law:

Count I: Plaintiffs' claim for Early Retirement Benefits in Count I fails to identify any Plan term purportedly breached by Defendants and Plaintiffs ask the Court to ignore the plain language of the Plan document and award Early Retirement Benefits for which Plaintiffs were not eligible at the time of the Spin-Off and for which they cannot qualify after the Spin-Off;

Count II: Plaintiff Newton's alternative claim for Optional Retirement Benefits similarly fails because under the plain language of the Plan document, Newton was not eligible for Optional Retirement Benefits at the time of the Spin-Off and he cannot qualify for such benefits after the Spin-Off;

Count III: Plaintiffs' claim for equitable relief for alleged fiduciary and co-fiduciary breaches fails because the Complaint does not sufficiently allege any material misrepresentation or inadequate disclosure by a Plan fiduciary or detrimental reliance by Plaintiffs;

Count IV: Plaintiffs' ERISA § 510 interference claim fails because Plaintiffs have not sufficiently alleged that Defendants consciously interfered with their attainment of benefits or that Defendants engaged in prohibited employer conduct;

Count V: Plaintiffs' state-law promissory estoppel claim is preempted by ERISA because the claim plainly relates to an ERISA plan and Plaintiffs' proposed remedy—the award of benefits under the Plan—implicates Plan administration; and

Counts I, III, IV and V: fail as to Newton because he signed a general release of claims on July 1, 2019 that bars his claims.

In short, Plaintiffs' employment with the "Company," as defined in the Plan, ended at the time of the Spin-off on May 31, 2019. At that time, neither Plaintiff was eligible for the Early Retirement or Optional Retirement Benefits they seek and no reading of the Plan would allow them to "grow into" such benefits after their employment with the "Company" ended. For these reasons, the Complaint should be dismissed with prejudice.

## ARGUMENT

### I. Count I Should Be Dismissed Because Plaintiffs Cannot Plausibly Plead Entitlement to Early Retirement Benefits.

In Count I, Plaintiffs seek a determination that, under ERISA § 502(a)(1)(B), the Administrative Committee, as Plan Administrator, acted arbitrarily and capriciously when it denied Plaintiffs' requests for Early Retirement Benefits under the terms of the Plan. To seek relief under ERISA § 502(a)(1)(B), a plaintiff "must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan."[3]

When administering an ERISA plan, the plan administrator "is obliged to act in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA], and the Act provides no exemption from this duty when it comes time to pay benefits."[4] In other words, Plaintiffs' claims "stand[] or fall[] by 'the terms of the plan.'" *Kennedy*, 555 U.S. at 300. For this reason, courts consistently reject claims that seek benefits that are not expressly provided under the terms of the plan document, or that would require the defendants to act contrary to the plan's language.[5]

---

[3] *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006); *Cranston v. PJM Interconnection LLC*, No. CIV.A. 13–04916, 2014 WL 5503151, at *7 (E.D. Pa. Oct. 31, 2014) ("It is the terms of the Plan document that control and limit the bounds of the Court's analysis in § 502(a)(1)(B) claims.").
[4] *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009); *see also Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995) (ERISA's statutory scheme "is built around reliance on the face of written plan documents").
[5] *See, e.g., Univ. Spine Ctr. v. Anthem Blue Cross of California*, No. CV1912639KMJBC, 2020 WL 814181, at *5 (D.N.J. Feb. 18, 2020) (granting motion to dismiss where plaintiffs failed to plead a plausible claim for benefits under

Here, the Plan's language is clear and unambiguous and precludes Plaintiffs' ERISA §

502(a)(1)(B) claim. With respect to Early Retirement Benefits, the Plan provides:

"B. Early Retirement

(1) Eligibility

An **employee** will be eligible for Early Retirement **after reaching age 50** and prior to reaching age 65 **with at least 15 years of service**."

*Plan*, Section IV, B.(1) (emphasis added).

The Plan defines "employee," in relevant part, as "all employees of the Company hired

on or before December 31, 2006." *Plan*, Section IX, A.(1). "Company" is defined as "E.I. du

Pont de Nemours and Company and/or any wholly owned subsidiary or part thereof which adopts

this Plan with the approval of the Administrative Committee, or such person or persons as the

Administrative Committee may designate." *Plan*, Section IX, A.(6).

Based on the plain language of the Plan and its subsequent amendment, Plaintiffs did not

(and cannot) qualify for Early Retirement Benefits. This is because Early Retirement Benefits are

only available to (i) "employees", (ii) of the "Company", (iii) after they reach age 50, and (iv) with

at least 15 years of service to the "Company." *See Plan*, Section IV, B.(1). To be considered an

"employee" for purposes of the Plan, the individual must be an employee of "E.I. du Pont de

Nemours and Company [*i.e.*, Historical DuPont] and/or any wholly owned subsidiary". *Plan*,

Section IX, A.(6). As Plaintiffs admit, Specialty Products ceased being affiliated with Historical

DuPont as of the date of the Spin-Off, when Specialty Products became a subsidiary of the

separate, publicly traded company named DuPont de Nemours, Inc. (*i.e.*, New DuPont). Compl.

¶ 6, 7, 24, 40, 50, 51, 72, 79, 84. As a result, Plaintiffs ceased being "employees" of the

the plan's actual terms); *Saltzman v. Indep. Blue Cross,* 384 F. App'x 107, 111 (3d Cir. 2010) (affirming district court's order granting motion to dismiss where plaintiffs failed to demonstrate that "he or she [has] a right to benefits that is legally enforceable against the plan")

"Company" immediately following the Spin-Off and could no longer participate in Title I of the Plan.

Plaintiffs further admit they had not reached age 50 as of the date of the Spin-Off. Compl. ¶¶ 39, 72. As quoted above, the Plan only permits an employee of the Company, *after* reaching age 50 and having at least 15 years of service, to become eligible for ***any*** Early Retirement Benefits. Because neither Plaintiff was an employee of the Company following the Spin-Off, and they were under the age of 50 at the time of the Spin-Off, they were not eligible for Early Retirement Benefits under the plain language of the Plan and cannot plead a plausible claim otherwise.

In their Opposition, Plaintiffs argue ***for the first time*** that the term "employee" is ambiguous and should be read to include both current and former employees of the Company. *Opposition*, pp. 8-11. As a preliminary matter, "it is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss."[6] Moreover, Plaintiffs failed to raise this Plan construction argument during the Plan's administrative claim and appeal process, during which time the Administrative Committee could have considered the argument and exercised its discretionary authority to confirm its reading of the Plan's language and cannot raise it now.[7]

Moreover, Plaintiffs' reading of the Plan is nonsensical. Taken to its logical conclusion, Plaintiffs' reading of the Plan would permit all former employees with at least 15 years of service to become eligible for Early Retirement Benefits whenever they turned 50 years old, a scenario that is clearly not contemplated by the Plan's plain language. The concept of "aging into" Early Retirement Benefit eligibility after a participant has severed his or her employment with the

---

[6] *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).
[7] *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (holding that plaintiffs must exhaust their administrative remedies under ERISA before bringing the claims in court).

Company does not exist under the Plan and Plaintiffs have failed to plead otherwise.

Plaintiffs' reliance on *Moon v. v. E.I. DuPont de Nemours and Company*, 19-cv-01856-SB, 2021 WL 2021 WL 2555503, *1 (D. Del. June 21, 2021) is unavailing. **Nothing** in *Moon* supports Plaintiffs' argument that the word "employee" should be construed to include ***former*** employees or that other former employees of the Company have been permitted to "age into" Early Retirement Benefits. In *Moon*, the plaintiff was allegedly misled as to when he could commence Optional Retirement Benefits on an unreduced basis under the Plan and there is no discussion whatsoever regarding an interpretation of the word "employee" or the concept of "aging into" Early Retirement Benefits. *Id.*

Because Plaintiffs are not entitled to Early Retirement Benefits under the plain language of the Plan, Count I should be dismissed with prejudice.[8]

## II. Count II Should Be Dismissed Because Newton Has Not Pled, And Cannot Plead, Sufficient Facts To Give Rise To A Plausible Claim That He Is Entitled To Optional Retirement Benefits Under The Terms Of The Plan.

Newton asserts Count II in the alternative to Count I and seeks a ruling that the Administrative Committee, as Plan Administrator, acted arbitrarily and capriciously when it denied his request for Optional Retirement Benefits under the terms of the Plan. (Compl. ¶¶ 82, 88, 99-103). Like Count I, Count II must be dismissed because Newton does not plead sufficient facts to demonstrate a plausible claim to Optional Retirement Benefits "that is legally enforceable against the plan." *Hooven*, 465 F.3d at 574.

Plaintiff Newton cannot qualify for Optional Retirement Benefits based on the plain language of the Plan. This is because Optional Retirement Benefits, as relevant to Newton, are only available to (i) employees of the Company, (ii) between 45 and 50 years old (Newton was

---

[8] *In re Unisys Corp. Long-Term Disability Plan*, 97 F.3d 710, 715 (3d Cir. 1996) ("[w]hether an ERISA plan is ambiguous is a question of law").

48.92 years old as of the Spin-Off), (iii) with at least 25 years of service, and (iv) if their employment would otherwise be involuntarily terminated due to lack of work. *Plan*, Section IV, D(1)(b). The 25-year service requirement is reduced by two months, or a proportionate part thereof, for each month or portion thereof that has elapsed since the employee reached age 45. *Id*.

In order for Newton to be an "employee" for purposes of the Plan, he must be an employee of the "Company" (*i.e.*, Historical DuPont or a wholly owned subsidiary of Historical DuPont) at the time his employment was involuntarily terminated due to lack of work. *Plan*, Section IX, A.(1)(a). As Newton admits, Specialty Products ceased being affiliated with Historical DuPont at the time of the Spin-Off, when it became a subsidiary of New DuPont. Compl. ¶ 6, 7, 24, 40, 50, 51, 72, 79, 84. Thus, Newton ceased being an employee of the "Company" as of the date of the Spin-Off and could no longer participate in Title I of the Plan. *Id*.

Further, Newton's employment with Specialty Products did not terminate until July 31, 2019, approximately two months ***after*** the Spin-Off. Compl. ¶ 68, 71. When Specialty Products terminated Newton for lack of work, he was not an employee of the "Company" under the terms of the Plan. *Id*. Because the Plan only permits an "employee of the Company" to be eligible for Optional Retirement Benefits (assuming the other conditions are met), Plaintiff Newton is not eligible for Optional Retirement Benefits under the plain language of the Plan and cannot plead a plausible claim otherwise. Count II should therefore be dismissed with prejudice.

III. **Count III Should Be Dismissed Because The Complaint Does Not Sufficiently Allege Any Material Misrepresentation or Inadequate Disclosure by A Plan Fiduciary; Nor Does It Sufficiently Allege Detrimental Reliance By Plaintiffs.**

As detailed in the Motion, to properly plead their breach of fiduciary duty claim, each Plaintiff must allege sufficient facts to establish that: "(1) [each] defendant was acting in a fiduciary capacity; (2) the defendant made affirmative misrepresentations or failed to adequately inform plan participants and beneficiaries; (3) the misrepresentation or inadequate disclosure was

material; and (4) the plaintiff detrimentally relied on the misrepresentation or inadequate disclosure." *Shook v. Avaya, Inc.*, 625 F.3d 69, 73 (3d Cir. 2010). As to detrimental reliance, "the plaintiff must have taken some action as a result of the misrepresentation; **the mere expectation of a continued benefit is not enough**." *Id.* (emphasis added).

With respect to first element of their claim, Plaintiffs have only made conclusory assertions as to the fiduciary status of any of the Defendants, except the Administrative Committee. Count III should therefore be dismissed with prejudice as to all Defendants, except the Administrative Committee.[9] Count III should also be dismissed with prejudice as to all Defendants because Plaintiffs have failed to assert facts sufficient to show the plausibility of elements (2), (3) and (4) of their fiduciary breach claim.

### A. The Complaint Does Not Sufficiently Plead A Material Misrepresentation Or Inadequate Disclosure By A Plan Fiduciary.

In their Opposition, Plaintiffs choose to ignore the fact that they have not made any *factual* allegations to suggest that a Defendant made a misrepresentation or omission of a material fact. Instead, Plaintiffs quote plan provisions (*Opposition*, pp. 16-18) to summarily conclude that "Plaintiffs have clearly alleged sufficient facts to establish material misrepresentations by Defendants acting in a fiduciary capacity." *Opposition,* p. 18. Further, because Plaintiffs cannot point to any paragraph(s) of the Complaint that contain the requisite factual allegations, they simply argue that "the Complaint, read as a whole, states a plausible claim."[10] *Opposition,* p. 19. Such "threadbare recitals of the elements of [the] cause of action" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

---

[9] Plaintiffs state in their Opposition that they intend to dismiss DuPont de Nemours, Inc. (*i.e.*, New DuPont) from the Complaint. *Opposition*, p. 13.
[10] Plaintiffs again try to rely on *Moon*, which, as discussed above, is inapposite here.

Moreover, as previously discussed in the Motion, the statements proffered by Plaintiffs were accurate—those individuals who **already qualified for Early Retirement Benefits** at the time of the Spin-Off could continue to "age into an improved reduction factor prior to commencing their pension." Plaintiffs were not qualified for Early Retirement Benefits at the time of the Spin-Off because they did not meet the Plan's unambiguous age (minimum age of 50) requirement. *Vitale v. Latrobe Area Hosp.*, 420 F.3d 278, 283-84 (3d Cir. 2005) (upholding determination that plaintiff did not qualify for early retirement benefits when she was unable to satisfy the plain and unambiguous terms of the plan).[11]

Further, the presentations given to Plan participants who, unlike Plaintiffs, were already age 50 with 15 years of experience as of Spin-Off (*i.e.*, they qualified for Early Retirement Benefits as of the Spin-Off) were accurate and Plaintiffs do not allege, nor can they allege, that they fit into the age 50 group and were somehow misled. Therefore, nothing in the Complaint supports Plaintiffs' bald assertion of a material misrepresentation or inadequate disclosure.

Further, Plaintiffs fail to plead how any alleged misrepresentation or inadequate disclosure was material. *Fischer v. Philadelphia Elec. Co.*, 994 F.2d 130, 135 (3d Cir. 1993) ("[A] misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision about if and when to retire."). Plaintiffs do not plead any facts that suggest they were misled in a way that caused them to make an inadequately informed decision about if and when to retire.[12]

---

[11] Had the Administrative Committee awarded Early Retirement Benefits to Plaintiffs, despite the Plan's plain and unambiguous language to the contrary, the Administrative Committee would have violated its fiduciary duty to administer the Plan according to its terms. *Vitale*, 420 F.3d at 283-84 (stating that plan administrators are "obligated by statute to administer the plan 'in accordance with the documents and instruments governing the plan'" and "an award inconsistent with the plan's valid provisions would be a breach of [an administrator's fiduciary] duties.") (citing 29 U.S.C. 1104(a)(1)(D)).

[12] Moreover, Plaintiffs were in possession of written information accurately conveying the Plan's terms and the Third Circuit has been unwilling to find employer representations to be material, reasoning that Plaintiffs will have had full notice of their benefit rights and could not have been misled by written or oral statements to the contrary. *See, e.g., In*

For these reasons, Plaintiffs have not pled, and cannot plead, a breach of fiduciary duty claim and Count III should be dismissed with prejudice.

## B. The Complaint Does Not Plead Any Facts To Support Detrimental Reliance.

Count III should also be dismissed because Plaintiffs have failed to plead any facts to support detrimental reliance. To demonstrate detrimental reliance, each Plaintiff "must have taken some action as a result of the misrepresentation; the mere expectation of a continued benefit is not enough." *Shook*, 625 F.3d at 73. Plaintiffs have failed to plead any facts to suggest that they each detrimentally relied on any alleged fiduciary misrepresentation or omission of material fact beyond "the mere expectation of a continued benefit." *E.g., Shook*, 625 F.3d at 73. Instead, Plaintiffs have set forth conclusory assertions, legal conclusions, and threadbare recitals regarding a breach of fiduciary duty, while effectively ignoring the detrimental reliance element altogether. *See, e.g.*, Compl. ¶¶ 104-109. Although Plaintiffs suggest in their Opposition brief that they might have tried to apply for and obtain a job with Corteva if they had understood how the Spin-Off would affect their future eligibility for Early Retirement Benefits, Plaintiffs do not plead any facts to suggest Corteva had any open positions or that Plaintiffs would have been qualified for any alleged open positions.

Count III should therefore be dismissed with prejudice. *Iqbal*, 556 U.S. at 678.

---

re Unisys Corp. Retiree Med. Ben. ERISA Litig.*, 58 F.3d 896, 905-906 (3d. Cir. 1995) (agreeing with district court's conclusion that a participant's "reasonable understanding of their benefits must be limited to the reasonable understanding of the summary plan descriptions or plan documents, due to our strong precedent which precludes informal amendments to ERISA benefits plans"); *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1164 (3d Cir. 1990) (holding that ERISA "requires that '[e]very employee benefit plan shall be established and maintained pursuant to a written instrument" and that ERISA "precludes oral amendments to employee benefit plans"); *see also Bicknell v. Lockheed Martin Group Benefits Plan*, No. 10-1212, 2011 U.S. App. LEXIS 2715, at *8-9 (3d Cir. Feb. 10, 2011). ("it is unreasonable for a plan participant to rely upon an employer's representation as to the contents of the Plan where the participant is in possession of a plan document containing express terms regarding the subject of the representation").

**IV.  Count III Should Also Be Dismissed Because The Complaint Fails To State A Claim Against Defendants For Co-Fiduciary Liability Under ERISA § 405(a).**

Co-fiduciary liability is not a simple matter of identifying two fiduciaries and proving that one of them violated the law. As detailed in the Motion, Congress imposed very specific requirements in order to hold a non-breaching fiduciary liable. Although the Complaint references the specific legal requirements from ERISA § 405(a), the Complaint does not identify <u>any</u> facts in support of the claim. *See* Compl. ¶ 110. That is not enough to survive a motion to dismiss.[13]

For there to be co-fiduciary liability, Plaintiffs must allege the existence of at least two fiduciaries—the breaching fiduciary and the co-fiduciary. Here, at most, Plaintiffs have alleged facts sufficient to plead fiduciary status as to only one entity, the Administrative Committee.[14] As a result, Plaintiffs' co-fiduciary liability claims should be dismissed with prejudice.

**V.  Count IV Should Be Dismissed Because Plaintiffs Have Not Pled A Plausible Claim For Interference With A Protected Right Under § 510 of ERISA.**

Count IV fails to state a claim upon which relief may be granted because Plaintiffs fail to plead any facts that could establish the Defendants engaged in prohibited conduct or that Defendants had a specific intent to violate ERISA, as required for causes of action brought under ERISA § 510, 29 U.S.C. § 1140.[15]

---

[13] The Supreme Court has made it clear that conclusory allegations of law fall far short of what a plaintiff must allege to remain in federal court: "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. The district court must "'insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" *Id*. at 547. Here, Plaintiffs have not met that minimum pleading standard.

[14] Even if Plaintiffs had sufficiently alleged fiduciary status as to any Defendant other than the Administrative Committee, which they have not, Plaintiffs still fail to meet the minimum pleading standard because the Complaint fails to allege facts sufficient to establish that any of the Defendants breached any alleged fiduciary duty.

[15] Under ERISA § 510, it is "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. To state a claim for interference with ERISA rights under § 510, a plaintiff must allege (1) prohibited employer conduct, (2) taken for the purpose of interfering, (3) with the attainment of any ERISA right to which the employee would otherwise become entitled. *Dewitt v. Penn-Del Directory Corp.*, 106 F.3d 514, 522 (3d Cir. 1997). This requires that the "plaintiff... demonstrate that the defendant had the 'specific intent' to violate ERISA." *Id*. (quoting *Gavalik*, 812 F.2d at 851).

Plaintiffs have not pled, nor can they plead, that "but for" a conscious discriminatory decision by Defendants to interfere with the Plaintiffs' attainment of benefits, the Plaintiffs' job would not have been adversely affected.[16] Nowhere in the Complaint do Plaintiffs allege conduct on the part of Defendants that would rise to the level of "prohibited employer conduct" as defined in § 510. Moreover, Plaintiffs do not sufficiently plead any actionable conduct that affected the employer-employee relationship for Plaintiffs. Although Plaintiffs state that Newton's employment relationship terminated on July 31, 2019 (Compl. ¶¶ 68, 71), Plaintiffs make no allegations, nor can they, to permit the inference that this action was taken with the intent to interfere with his ERISA rights. Indeed, Plaintiffs' inability to qualify for Early Retirement or Optional Retirement Benefits under the Plan resulted from a company-wide determination to spin-off certain business units, not from any decision that was made with the intent to deprive Plaintiffs of specific benefits. (Compl. ¶¶ 39, 72, 79).

Because the Complaint does not sufficiently plead facts to suggest that: (1) Defendants engaged in any prohibited conduct under ERISA § 510, or (2) Defendants had a specific intent to violate ERISA, Count IV of the Complaint should be dismissed with prejudice.[17]

## VI. Count V Is Preempted By ERISA And Should Be Dismissed.

Count V alleges liability under a state-law theory of promissory estoppel (*i.e.* Defendants allegedly promised Plaintiffs and the Class members that they could continue to qualify for full, unreduced Early Retirement Benefits or Optional Retirement Benefits under the Plan). Compl. at

---

[16] *See McLendon v. Cont'l Can Co.*, 908 F.2d 1171, 1178 (3d Cir. 1990) ("Plaintiff must prove that "but for" the discriminatory purpose, he or she would not have lost work"); *see also Lehman v. Prudential Ins. Co. of Am.*, 74 F.3d 323, 330-31 (1st Cir. 1996) ("ERISA provides no relief if the loss of an employee's benefits was incidental to, and not the reason for, the adverse employment action. Were this not so, every discharged employee who had been a member of a benefit plan would have a potential cause of action against his or her former employer under ERISA.")

[17] *See Jackson v. Rohm & Haas Co.*, No. CIV.A. 05-4988, 2007 WL 2702804, at *6 (E.D. Pa. Sept. 12, 2007) (dismissing the plaintiff's claim for interference with benefits where plaintiff had "alleged conduct unbecoming an ERISA fiduciary," but had not alleged any conduct affecting his status as an employee).

¶¶ 118-123. As Plaintiffs admit in their Opposition, a state law is preempted if it has either (1) a "reference to" or (2) a "connection with" the ERISA plan at issue. *Opposition*, p. 27 (citing *Shaw*, 463 U.S. at 96-97).[18] Here, Plaintiffs' Complaint is entirely based on alleged promises that Plaintiffs could qualify for Early Retirement Benefits and/or Optional Retirement Benefits <u>under the terms of the Plan</u>, which is indisputably governed by ERISA. Compl. ¶¶ 118-123. Thus, Count V is preempted by ERISA because it plainly "relates to" an employee benefit plan and should be dismissed.[19] Count V is also preempted because the relief Plaintiffs seek, benefits under the Plan, directly implicates Plan administration.[20]

### VII. Newton's Claims, Except Possibly Count II, Should Be Dismissed Pursuant To The Settlement Agreement And General Release He Executed On July 1, 2019.

As detailed in the Motion, Newton's claims, with the possible exception of Count II, are also barred by the Confidential Settlement Agreement and General Release ("Release") he signed on July 1, 2019. The Release includes a general release of all claims, including a release of all ERISA claims (except for any claim for "vested benefits"), and a covenant not to sue. *See* Osmundson Decl. at Ex. 1, para. 4, a. through c. In exchange for signing the Release, Newton received the severance benefits referenced in the Release. *See* Osmundson Decl. at Ex. 1, para. 2.

The plain language of the Release prevents Newton from bringing any claims that allege

---

[18] ERISA § 514(a) explicitly "supersedes any and all State laws insofar as they ... ***relate to*** any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). The Supreme Court has repeatedly held that § 514(a)'s express preemption provisions are far-reaching. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 (1983).

[19] *See, e.g.*, *Sleep Tight Diagnostic Ctr., LLC v. Aetna Inc.*, 399 F. Supp. 3d 241, 250 (D.N.J. 2019) (stating that "courts within this district have consistently dismissed claims for…promissory estoppel…when they arise from an ERISA-governed plan…"); *Clark v. Hartford Life & Accident Ins. Co.*, No. 06-0945, 2006 WL 3359651, at *4 (E.D. Pa. Nov. 17, 2006) (preempting promissory estoppel claim which relates to an employee benefit plan where "[t]he existence of the plan created the alleged liability and this Court's analysis would be directed to the plan itself"); *Labus v. Navistar Int'l Transp. Corp.*, 740 F. Supp. 1053, 1065 (D.N.J. 1990) (preempting promissory estoppel claim where plaintiff alleged improper denial of early retirement benefits).

[20] *Shaver v. Siemens Corp.*, 670 F.3d 462, 476 (3d Cir. 2012) (payment of benefits implicates ERISA if "[it] require[s] the establishment and maintenance of a separate and ongoing administrative scheme") (citing *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987)).

a violation of ERISA, unless the claim is for vested or accrued benefits. *See* Osmundson Decl., Ex. 1, para. 4(a). This unambiguous carve-out is not applicable to the claims brought by Newton, with the possible exception of Count II, because none of the claims seek benefits which he had already earned, or to which he was already "entitled to keep," at the time he executed the Release. *Romero*, 1 F. Supp. 3d at 371. In particular, Count I seeks benefits that Newton might "age into" in the future. Count III asserts claims for breach of fiduciary duty and co-fiduciary duty. Count IV asserts a claim for interference with benefits and Count V asserts a state law claim for promissory estoppel. None of these claims seek vested or accrued benefits. Therefore, they are all subject to the Release and should be dismissed. *Cuchara v. Gai-Tronics Corp.*, 129 F. App'x 728, 733 (3d Cir. 2005) (affirming District Court's grant of a motion to dismiss where claims, including ERISA claims, were barred by a release).

## VIII. This Action Must Also Be Dismissed As To The Putative Class Members.

Plaintiffs assert all of their claims (Counts I through V) on behalf of themselves and on behalf of a putative class of unnamed individuals. If Plaintiffs' claims are dismissed, the class allegations must also be dismissed,[21] which Plaintiffs acknowledge in their Opposition. *Opposition*, p. 33 ("…it is certainly true that when the named plaintiffs are dismissed from a putative class action before a class is certified, the complaint of the class must likewise be dismissed…").

---

[21] *Bass v. Butler*, 116 F. App'x 376, 385 (3d Cir. 2004) ("Because no class has been certified here, if [the named plaintiff's] claim fails, the entire action must be dismissed."); *Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338, 343 (3d Cir. 2003) ("[W]hen claims of the named plaintiffs become moot before class certification, dismissal of the action is required."); *Velazquez v. State Farm Fire & Cas. Co.*, No. 19-CV-3128, 2020 WL 1942784, at *11 (E.D. Pa. Mar. 27, 2020) (dismissing named plaintiffs' individual claims and holding that "class allegations should follow the same fate"); *Plavin v. Group Health Inc.*, 323 F. Supp. 3d 684, 706 (M.D. Pa. 2018) ("Because Plavin is the only named Plaintiff in this case, and having ruled that his claims must be dismissed, the putative class action claims must also fail."); *In re Aspartame Antitrust Litig.*, No. 2:06-CV-1732-LDD, 2008 WL 4724094, at *8 (E.D. Pa. Aug. 11, 2008) (dismissing entire action where no class had been certified and all claims of the class representatives had been dismissed); *Donachy v. Intrawest U.S. Holdings, Inc.*, No. CIV.A. 10-4038 RMB, 2012 WL 869007, at *9 (D.N.J. Mar. 14, 2012) ("Because this Court dismisses all of Plaintiffs' individual claims, and Plaintiffs' purported class has not yet been certified, Plaintiffs' class allegations must also be dismissed.").

## CONCLUSION

For each of the foregoing reasons, Plaintiffs' Class Action Complaint should be dismissed in its entirety and with prejudice.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ Cory A. Thomas* _
Cory A. Thomas (I.D. No. 308807)
Nipun J. Patel (I.D. No. 208130)
Cira Centre
2929 Arch Street, Suite 800
Philadelphia, PA 19104
(215) 252-9600
Cory.Thomas@hklaw.com
Nipun.Patel@hklaw.com

Todd D. Wozniak *
1180 West Peachtree Street N.W., Suite 1800
Atlanta, GA 30309
(404) 817-8431
Todd.Wozniak@hklaw.com

Dated: December 8, 2021                    * *Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2021, a true and correct copy of the foregoing Defendants' Reply Memorandum in Support of Their Motion to Dismiss Plaintiffs' Class Action Complaint was filed using the Court's ECF system, and thereby served copies of same on counsel for all parties of record registered with the ECF system.

*/s/ Cory A. Thomas*
Cory A. Thomas (I.D. No. 308807)
Cira Centre
2929 Arch Street, Suite 800
Philadelphia, PA 19104
(215) 252-9600
Cory.Thomas@hklaw.com
