IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT F. COCKERILL, OLIVER MAJOR, and DARRELL D. BENSON, SR., individually and as representatives on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CORTEVA, INC.; DUPONT SPECIALTY PRODUCTS USA, LLC; DUPONT DE NEMOURS, INC.; E.I. DU PONT DE NEMOURS AND COMPANY; THE PENSION AND RETIREMENT PLAN; and THE BENEFIT PLANS ADMINISTRATIVE COMMITTEE,<br><br>Defendants. | Civil Action No. 2:21-cv-03966-MMB |

**DEFENDANTS' OBJECTION TO SPECIAL MASTER APPOINTMENT**

**POLSINELLI PC**
Nipun J. Patel (I.D. No. 208130)
Cory A. Thomas (I.D. No. 308807)
Three Logan Square
1717 Arch St., Suite 2800
Philadelphia, PA 19103
(215) 267-3001
NPatel@polsinelli.com
CThomas@polsinelli.com

*Counsel for Defendants*

**HOLLAND & KNIGHT LLP**
Todd D. Wozniak (*pro hac vice*)
1180 West Peachtree St. N.W., Ste. 1800
Atlanta, GA 30309
(404) 817-8431
Todd.Wozniak@hklaw.com

Kayla Pragid (*pro hac vice*)
777 S. Flagler St., 1900W
West Palm Beach, FL 33401
(561) 650-8303
Kayla.Pragid@hklaw.com

Andrew W. Balthazor (*pro hac vice*)
701 Brickell Ave., Suite 3300
Miami, FL 33131
(305) 789-7584
Andrew.Balthazor@hklaw.com

Plaintiffs moved to bifurcate this proceeding under Rule 42(b) "solely with respect to the availability of monetary relief in the form of surcharge" which Plaintiffs described as "monetary, make-whole equitable relief." Pls.' Mot. to Bifurcate 2, 4 [ECF No. 200] (citing *CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011)). Plaintiffs clarified that surcharge is only available as "against the [allegedly] breaching fiduciaries"[1] and that the second trial phase would be unnecessary "if the Court finds for Defendants on liability *or* decides to award only declaratory relief, equitable estoppel, or Plan reformation[.]" *Id.* at 4. In Plaintiffs' Reply in support of their Motion, they further explained that surcharge is not "even Plaintiffs' preferred remedy":

> Plaintiffs seek first and foremost an order declaring and clarifying their qualification for early and/or optional retirement benefits and allowing each member of the Classes to apply for benefits on the date after eligibility of their choosing, as well as an order of reformation of the Plan terms if necessary to effectuate this remedy.

Reply 2 [ECF No. 209]. Before trial, the Court granted Plaintiffs' Motion to bifurcate under Rule 42(b). *See generally* June 18, 2024 Order [ECF No. 225].

The first part of this bifurcated proceeding is now complete. The Court stated it reached a decision on Count I (as to Early Retirement, for Defendants) and Count II (as to Optional Retirement, for Plaintiffs) but "was not prepared to issue a verdict on the remaining Counts[.]" December 10, 2024 Order 1 [ECF No. 311]. The Court has yet to issue findings of fact and conclusions of law for any Count. *See id.* at 3. Even so, the Court stated it now intends to appoint a special master:

> since the trial of this case had been bifurcated and the Court only heard evidence on issues of liability, in order to proceed further, at least to Count II, the Court intended to appoint a Master under Federal Rule of Civil Procedure 53. The Master's first task will be, following discussion with counsel, to interview employee benefit firms, . . . to prepare memoranda and a proposal as to how to award damages and/or equitable relief, or "clarification" to Optional Retirement Class Members and members of any other Class on any additional Count as to

---

[1] Surcharge is only relevant to the breach of fiduciary duty claim, Count IV.

which the Court finds liability against Defendants.

*Id.* at 2. The Court identified Richard L. Bazelon, Esq., as a potential special master with "extensive experience in commercial litigation, and some experience in employee benefit matters." *Id.* The Court invited objections to the special master appointment. *Id.*

Defendants (a) object to the appointment of a special master; (b) object to Mr. Bazelon specifically and propose Judge Reuter as an alternative; and (c) propose an appropriate process for resolving this case in general and specifically as to Count II.

**I.    The Appointment of a Special Master is Premature and Unnecessary.**

A special master is not needed to resolve this case or administer remedies and appointing one at this stage is premature. Rule 53 describes the duties for which the district court may appoint a special master. *See* Fed. R. Civ. P. 53(a)(1). Specifically, Rule 53(a)(1) limits appointing a special master to:

> (A) perform duties consented to by the parties;
>
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>
>> (i)  some exceptional condition; or
>>
>> (ii) the need to perform an accounting or resolve a difficult computation of damages; or
>
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

*Id.* A reference to a special master is "the exception and not the rule." *Prudential Ins. of Am. v. U.S. Gypsum Co.*, 991 F.2d 1080, 1084 (3d Cir. 1993) (issuing writ of mandamus directing district court to withdraw and vacate inappropriate special master appointment).

Appointing a special master here is unnecessary. First, the Court has yet to conduct all trial phases—making it premature to appoint a special master to administer posttrial matters. Second,

it is too early to begin the process of administering a judgment when a judgment has yet to be entered or fully reviewed via an appeal. Third, it is unclear why a special master is necessary to administer Plaintiffs' straightforward remedies, when the Plan fiduciaries are well-equipped to effect the Court's judgment upon remand. Fourth, Defendants intend to move to decertify the Optional Retirement Class, and this may modify the remedies finally ordered by the Court—affecting and possibly rendering unnecessary the posttrial role of a special master. As such, a special master is not needed here.

### A. It is Premature to Appoint a Special Master for Posttrial Duties While This Action is Midtrial.

The Court's intended appointment describes a posttrial role for the special master. *See* Dec. 10, 2024 Order 2 (describing the master's duties as proposing *how* to award relief and that Defendants may have to pay the special master's costs because Plaintiffs are the prevailing party). Determining how to award relief to a prevailing party—in other words, how to best effect a judgment—is a posttrial matter. Courts will occasionally employ special masters to administer complex remedies after judgment or pursuant to settlement agreements. *See* 9C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2605 n.26 (3d ed. 2008) (collecting examples). But, it is unclear why a complex remedy is warranted here nor has any judgment been entered.

As the Court explained, we have yet to complete all trial phases. *See* Dec. 10, 2024 Order 2. The Court has stated its intended verdicts as to two Counts only; the Court has not provided its other verdicts, findings of fact, conclusions of law, or declared any remedies, and has yet to enter judgment. It is thus premature to appoint a special master for posttrial matters when the case is still mid-trial.

### B. It is Premature to Begin Effecting a Judgment Which is Subject to Appellate Review.

Appointment of a special master to determine how to best effect a judgment is premature given that Defendants will appeal any adverse ruling. Absent certification as a final judgment, actions bifurcated under Rule 42(b) are not final and appealable until the entire case is resolved and judgment entered as to all claims. *See Off. Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 354 (E.D. Pa. 2000) (describing when claims bifurcated under Rule 42(b) may be appealed). Rushing to begin administering unidentified remedies before judgment—which administration may involve the expense and delays of a special master and unidentified third-party benefits consultants and communicating with Class members about non-final remedy possibilities—interferes with the parties' rights to have the Court's judgment reviewed.

The Third Circuit recently reversed a district court that took such a cart-before-the-horse approach in appointing a special master before the case's merits were reviewed. *See generally Dunne v. Elton Corp.*, No. 23-1499, 2024 WL 4224619 (3d Cir. Sept. 18, 2024). In *Dunne*, the plaintiffs prevailed on an ERISA breach of fiduciary duty claim. *Id.* at *3. After trial, but before judgment, the district court appointed a special master to administer part of the ordered remedy. *Id.* Virtually every party appealed, resulting in nine appeals and two petitions to appeal the district court's appointment of a special master as an interlocutory order under 28 U.S.C. § 1292(b). *Id.* The Third Circuit granted the petitions and consolidated all appeals, ultimately reversing the district court on the merits and vacating the court's special master appointment. *Id.* at *12.

*Dunne* counsels that it would conserve judicial resources, be more efficient, and be less confusing for Class members for the Court to complete all trial phases, enter judgment on all claims, and provide the parties an opportunity for appellate review before proceeding to administer the judgment itself.

4

### C. Plaintiffs' Requested Remedies Do Not Warrant a Special Master.

Appointment of a special master is not warranted given the straightforward remedies requested by Plaintiffs. Plaintiffs' requested remedies are simple: (1) an order declaring their benefit eligibility; (2) an order allowing Class members to apply for benefits based on this benefit eligibility; (3) plan reformation (if necessary); and/or (4) surcharge. *See* Bifurcate Mot. 2, 4; Bifurcate Mot. Reply 2. The Court can order these remedies without input from a special master or benefits consultant.[2,3] *See, e.g.*, Order, *Miller v. Am. Airlines, Inc.*, No. 08-cv-0277 (M.D. Penn. Feb. 4, 2011), ECF No. 99 (following judgment by the Third Circuit for ERISA plaintiff on a wrongful termination of benefits, entering a one-sentence order "that [the plaintiff's] long term disability (LTD) benefits shall be reinstated retroactively so as to be effective from the date of termination").

In the benefit claim context—like Count II—simple remand to the Plan Administrator to administer the benefits pursuant to the Court's order is all that is necessary. *See Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 856 (3d Cir. 2011) ("In a situation where benefits are improperly denied[], it is appropriate to remand to the administrator for full consideration [of the claim]."); *Joyce v. Life Ins. of N. Am.*, No. 18-cv-1293, 2021 WL 493262, at *11 (W.D. Pa. Feb. 10, 2021) ("[W]hen a person is wrongfully denied benefits, a court should remand the claim to the plan

---

[2] To the extent a benefit consultant is needed to effect any remedy, the parties agree in principle they should be able to settle on an appropriate benefits consultant without a special master's input.
[3] The equitable nature and relative simplicity of Plaintiffs' contemplated remedies also render a special master inappropriate for conducting the surcharge phase of this action. *See* Fed. R. Civ. P. 53(a)(1)(B) (limiting special master duties with respect to trial proceedings to those warranted by exceptional conditions or difficult damages computations). Determining whether an equitable remedy such as surcharge is appropriate is a "quintessentially judicial endeavor" which should not be referred absent the parties' consent under Rule 53(a)(1)(A). *Cf. Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 441 (3d Cir. 2005) (rejecting argument that a magistrate judge could conduct equitable apportionment under Rule 53 as a special master, because equitable determinations require peculiar judicial insight beyond the mere calculation of damages).

administrator for proper deliberation considering the deficiencies identified by the court." (citing *Miller*, 632 F.3d at 856)). This is all the more true because Count II is a claim for clarification of rights to *future* benefits under ERISA § 502(a)(1)(B)—remediable by (i) an order declaring the Optional Retirement Class's entitlement to the Optional Retirement benefit and (ii) remand to the Plan Administrator to inform Optional Retirement Class Members of their benefit entitlement and administer their benefit elections and benefit payments "considering the deficiencies identified by the Court." *See, e.g.*, *id.*, at *11. The Plan Administrator is already equipped to administer plan benefits. There is no need to recreate the wheel.

Appointing a special master to administer Plaintiffs' straightforward remedies is akin to using a "sledgehammer to kill a gnat[.]" *See Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 24 (2004) (Scalia, J., concurring).

### D. It is Premature to Appoint a Special Master to Administer Remedies Because the Class Certification Order May Change Prior to Final Judgment.

Finally, it is premature to appoint a special master because Defendants intend to move to amend the Court's class certification order prior to final judgment. *See* Fed. R. Civ. P. 23 (c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). Defendants' position, articulated at the November 25, 2024 hearing, is that the Optional Retirement Class lacks an adequate class representative given Major's release and the fact that Benson is no longer a class member. *See Cockerill v. Corteva, Inc.*, No. 21-cv-03966, at *2 (E.D. Penn. Nov. 17, 2023), ECF No. 137.[4] Defendants' anticipated decertification motion

---

[4] The Optional Retirement class includes "All Plan participants who were over age 50, with at least 15 years of service under Title I of the Plan as of May 31, 2019, and who were employed by Historical DuPont or any other participating employer of Title I of the Plan, and who continued to be employed, post spin-off, by New DuPont or one of its subsidiaries that did not participate in Title I of the Plan, and the beneficiaries or estates of such participants. The class does not include anyone who received or was eligible for unreduced Early Retirement Benefits at the time of the

6

provides an additional basis for uncertainty regarding the remedies which the Court may (or may not) finally order.

For this additional reason, it is more appropriate to consider how best to administer a judgment after a judgment has been entered and reviewed.

## II.     Defendants Object to the Appointment of Mr. Bazelon as Special Master.

To the extent the Court determines a special master is necessary, Defendants object to the Court's proposed master. First, while Mr. Bazelon is a qualified trial lawyer, he does not appear to have any of the ERISA-specific expertise required to determine or calculate retirement benefits under the Plan, or the background necessary to select a qualified benefits consultant. Administering benefit and retirement claims without specialized knowledge could lead to inefficiencies and potential mismanagement of the claims process.

Second, if the Court disagrees and still desires to appoint a special master, Defendants suggest it would be prudent to appoint Judge Rueter given his ERISA background and his familiarity with this case's complexities. Such an appointment would ensure a more efficient and accurate administration of the claims—ultimately serving the best interests of all parties involved.

Finally, Defendants do not believe a benefits consultant is necessary at all. The Plan Administrator can communicate with class members, facilitate benefit elections, and pay benefits pursuant to the Plan and their delegated fiduciary duties. *See supra* Part I (citing *Miller*, 632 F.3d at 856). That said, if the Court nonetheless believes a benefits consultant is necessary, Defendants request that the Court grant the parties the opportunity to jointly select an ERISA benefits

---

spin-off. ***The class does not include anyone whose Early Retirement Benefits, at spin-off or through present, would be equal to, or greater than their Optional Retirement Benefit***." Order 2 (emphasis added). Benson's Early Retirement Benefit equals his Optional Retirement Benefit and he elected to start receiving the unreduced Early Retirement pension benefit.  As a result, he no longer meets the Optional Retirement Class definition.

7

consultant without using a special master. Selecting a consultant by agreement will avoid unnecessary complications, expense, and delay—and the involvement of a special master.

In sum, to the extent the Court is inclined to appoint a benefits consultant over Defendants' objection, allowing the parties to reach a consensus on which benefits consultant has the necessary expertise would enhance the efficiency and effectiveness of the claims administration process, thereby streamlining the resolution of this matter.

### III. Defendants' Proposed Procedure to Resolve This Action.

Owing to the bifurcation of this case, the Parties are presently in a midtrial procedural limbo and posttrial procedures should not commence. Bifurcation of a case does not create two cases; instead, it bifurcates "issues or claims within a single case for separate trials." *Graudins v. Retro Fitness, LLC*, 921 F. Supp. 2d 456, 468 (E.D. Pa. 2013). This action cannot proceed to conclusion until this Court determines whether Plaintiffs are entitled to the "monetary, make-whole equitable relief" of surcharge.[5] Bifurcate Mot. 4 (citing *CIGNA*, 563 U.S. at 442). And, absent exceptional conditions which are not present here, equitable determinations such as surcharge are a "quintessentially judicial endeavor" not suited for referral to a special master. *See Beazer*, 412 F.3d at 440–43. The Court should determine whether a second surcharge phase is necessary and administer that proceeding, if appropriate.

Defendants propose that the Court then issue its findings of fact and conclusions of law and determine the remedies to which Plaintiffs are entitled. *See, e.g.*, *Perez v. Koresko*, 86 F. Supp. 3d 293, 391–97 (E.D. Pa. 2015) (including ERISA relief in findings of fact and conclusions of

---

[5] As Plaintiffs acknowledge, surcharge is only available as "against the [allegedly] breaching fiduciaries[.]" Bifurcate Mot. 4. Thus, for the Parties to move to posttrial proceedings in this matter, the Parties first require a decision from the Court, whether (1) Plaintiffs' paltry evidentiary showing met their burden of proof to show that Plan fiduciaries breached their fiduciary duty; and (2) Plaintiffs are entitled to surcharge as a result of that breach.

law). *But see Amara v. Cigna Corp.*, 534 F. Supp. 2d 288, 364 (D. Conn. 2008) (issuing findings of fact and conclusions of law and ordering further briefing on the "complex issue" of remedies). Specific to any remedy for Count II, the Court could simply declare the Optional Retirement Class is eligible to elect Optional Retirement following the Spin-Off and remand to the Plan Administrator for "proper deliberation considering the deficiencies identified by the court." *Joyce*, No. 18-cv-1293, 2021 WL 493262, at *11 (citing *Miller*, 632 F.3d at 856).

The Court should then enter judgment on all claims, permitting the parties an opportunity for appellate review of the entire action—rather than piecemeal review of Count II or the issues bifurcated under Rule 42. *See Graudins*, 921 F. Supp. 2d at 468 ("A claim that is bifurcated under this rule is not final and appealable as long as other claims in the case remain unresolved.").

Finally, to the extent the Court determines Plaintiffs are entitled to any relief, the Plan Administrator is capable of administering remedies without the appointment of a special master. The Plan Administrator regularly communicates with Plan participants, facilitates benefit elections, and calculates benefit payments pursuant to the Plan and delegated fiduciary duties. *See Miller*, 632 F.3d at 856.

Defendants propose that this Court issue its findings of fact and conclusions of law, declare the remedies to which the Court determines the parties are entitled, enter final judgement on all claims, and conclude this action without appointing a special master.

Dated: December 17, 2024.                                      Respectfully submitted,

                                                               /s/ *Todd D. Wozniak*

**POLSINELLI PC**                                              **HOLLAND & KNIGHT LLP**
Nipun J. Patel (I.D. No. 208130)                               Todd D. Wozniak (*pro hac vice*)
Cory A. Thomas (I.D. No. 308807)                               1180 West Peachtree St. N.W., Ste. 1800
Three Logan Square                                             Atlanta, GA 30309

| | |
|---|---|
| 1717 Arch St., Suite 2800<br>Philadelphia, PA 19103<br>(215) 267-3001<br>NPatel@polsinelli.com<br>CThomas@polsinelli.com<br><br>*Counsel for Defendants* | (404) 817-8431<br>Todd.Wozniak@hklaw.com<br><br>Kayla Pragid (*pro hac vice*)<br>777 S. Flagler St., 1900W<br>West Palm Beach, FL 33401<br>(561) 650-8303<br>Kayla.Pragid@hklaw.com<br><br>Andrew W. Balthazor (*pro hac vice*)<br>701 Brickell Ave., Suite 3300<br>Miami, FL 33131<br>(305) 789-7584<br>Andrew.Balthazor@hklaw.com |

## **CERTIFICATE OF SERVICE**

I certify that this document was served via the ECF system to the registered participants as identified on the Notice of Electronic Filing on December 17, 2024.

*/s/ Todd D. Wozniak*
Todd D. Wozniak