IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT F. COCKERILL, OLIVER MAJOR, and DARRELL D. BENSON, SR., individually and as representatives on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>CORTEVA, INC.; DUPONT SPECIALTY PRODUCTS USA, LLC; DUPONT DE NEMOURS, INC.; E.I. DU PONT DE NEMOURS AND COMPANY; THE PENSION AND RETIREMENT PLAN; THE BENEFIT PLANS ADMINISTRATIVE COMMITTEE,<br><br>Defendants. | Case No.: Case No. 2:21-cv-03966-MMB |

**PLAINTIFFS' RESPONSE TO THE COURT'S
MASTER APPOINTMENT [ECF NO. 311]**

Plaintiffs Robert F. Cockerill, Oliver Major, and Darrell D. Benson, Sr., individually and as representatives on behalf of a class of similarly situated persons ("Plaintiffs") hereby submit this response to the Court's December 10, 2024 Order suggesting the appointment of Richard L. Bazelon to serve as Master under Federal Rule of Civil Procedure 53, ECF No. 311.

The final oral argument following a non-jury trial in this case took place on November 24, 2024. Following argument, the Court ruled in favor of Defendants on Count I and in favor of Plaintiffs on Count II, reserving judgment until after additional briefing on the remaining Counts. Because the Court bifurcated the remedial stage of the case and only heard evidence on issues of liability, the Court announced its intention on November 24, 2024, and in its Order of December

10, 2024, to appoint a Master under Federal Rule of Civil Procedure 53 in order to proceed further, at least as to Count II. ECF No. 311.

The Court's Order of December 10, 2024, contemplates the appointment of a Master, Richard L. Bazelon. ECF No. 311. The Master's first task will be, following discussion with counsel, "to interview employee benefit firms, preferably in the Philadelphia area, to prepare memoranda and a proposal as to how to award damages and/or equitable relief, or 'clarification' to Optional Retirement Class Members and members of any other class on any additional Court as to which the Court finds liability against Defendants." *Id*. The Order also provides that an "initial report and recommendation" is due to be filed with the Court by the Master "within sixty (60) days of this order." *Id*.

While Plaintiffs do not object to the use of a Special Master in this case, in Plaintiffs' view, it would be more efficient to appoint a Master who can perform both tasks contemplated by the Court's order: crafting appropriate relief and performing any calculations and/or drafting necessary to effectuate such relief. Respectfully, Plaintiffs propose the alternative appointment of Susan Katz Hoffman, either individually or through the appointment of Justican Mediation, LLC, her two-person mediation firm. Ms. Hoffman's biography and resume are attached hereto as Exhibit A. The biography of Marc I. Machiz, her partner at Justican, is attached as Exhibit B. Both Ms. Hoffman and Mr. Machiz are available to begin work immediately on this matter,

Both Ms. Hoffman and Mr. Machiz are long-time employee benefits attorneys with decades of experience working with ERISA-governed employee benefit plans. As demonstrated by the attached documents, Ms. Hoffman in particular has extensive experience advising clients with respect to the design and operation of their employee benefit plans. Mr. Machiz also has a

great deal of experience with ERISA-governed employee benefit plans, both as a high-ranking official with the Department of Labor and as a litigator in private practice. Ms. Hoffman has a degree in economics from Lake Forest College as well as a law degree from the University of Pennsylvania. These experiences make her, along with Mr. Machiz, ideal to take on each of the roles and responsibilities contemplated by this Court's December 10, 2024 Order, not only the duties of the Special Master but the duties of the benefits firm as well, either with or without the assistance of an actuary. It is Ms. Hoffman's ability to take on both of these roles in formulating a method for calculating benefits/damages and recommending a remedy in this case that would make her appointment more efficient in terms of time and cost than the appointment of Mr. Bazelon. For these reasons, Plaintiffs recommend that this Court appoint either Ms. Hoffman individually or her firm Justican as the Special Master in this case.

Finally, regardless of whether this Court appoints Mr. Bazelon, Ms. Hoffman, or any other person or entity to serve as Master to assist this Court with the remedial stage of the case, the Defendants and not the Plaintiffs should bear the full cost of these appointments. Where "an expense would not have accrued but for [fiduciary] breaches," courts require that the breaching fiduciary "pay the costs associated with the fiduciary in order to make the Plan whole." *Perez v. Kwasny*, No. CV 14-4286, 2016 WL 558721, at *3 (E.D. Pa. Feb. 9, 2016) (citing *Chao v. Malkani*, 216 F. Supp. 2d 505, 518-19 (D. Md. 2002), *aff'd*, 452 F.3d 290 (4th Cir. 2006) (ordering the defendants to pay the costs associated with an independent trustee); *Donovan v. Mazzola*, 716 F.2d 1226, 1238 (9th Cir. 1983) (affirming the district court's decision to appoint an investment manager). ERISA additionally provides for the court, in its discretion, to award attorneys' fees and costs associated with litigation, 29 U.S.C. 1132(g)(1), but that is a separate matter from the court's

equitable power to require breaching fiduciaries to pay any costs associated with bringing a Plan into compliance with ERISA.[1]

                                      Respectfully submitted,

DATED: December 17, 2024      By:   */s/ Elizabeth Hopkins*
                                                  Elizbeth Hopkins (*pro hac vice*)
                                                  Susan L. Meter (*pro hac vice*)
                                                  Jaclyn Conover (ID No. 312449)
                                                  KANTOR & KANTOR, LLP
                                                  9301 Corbin Avenue, Suite 1400
                                                  Northridge, CA 91324
                                                  Telephone: (877) 783-8686
                                                  Facsimile: (253) 285-1849
                                                  ehopkins@kantorlaw.net
                                                  smeter@kantorlaw.net
                                                  jconover@kantorlaw.net

                                                  Edward S. Stone (*pro hac vice*)
                                                  Lisa A. Salmons (*pro hac vice*)
                                                  Samantha L. Brener (*pro hac vice*)
                                                  EDWARD STONE LAW P.C.
                                                  175 West Putnam Ave., 2nd Floor
                                                  Greenwich, CT 06830
                                                  Telephone: (203) 504-8425
                                                  eddie@edwardstonelaw.com
                                                  lisa@edwardstonelaw.com
                                                  samanthat@edwardstonelaw.com

                                                  Dan Feinberg (*pro hac vice*)
                                                  Todd Jackson *(pro hac vice)*
                                                  Nina Wasow (*pro hac vice*)
                                                  FEINBERG, JACKSON, WORTHMAN
                                                  & WASOW LLP
                                                  2030 Addison Street, Suite 500
                                                  Berkeley, CA 94704
                                                  Telephone: (510) 269-7998
                                                  Facsimile: (510) 269-7994
                                                  dan@feinbergjackson.com
                                                  nina@feinbergjackson.com
                                                  todd@feinbergjackson.com

                                                  *Attorneys for Plaintiffs*

---

[1] Motions for attorneys' fees and costs are decided not under a "prevailing party" standard, but under a requirement that the requesting party obtain "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 244-45 (2010).

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2024, a true and correct copy of **PLAINTIFFS' RESPONSE TO THE COURT'S MASTER APPOINTMENT [ECF NO. 311]** was filed using the Court's CM/ECF system, and thereby served copies of same on counsel for all parties of record registered with the ECF system.

| | |
|---|---|
| Nipun J. Patel (I.D. No. 208130)<br>Cory A. Thomas (I.D. No. 308807)<br>Polsinelli PC<br>Three Logan Square<br>1717 Arch Street, Suite 2800<br>Philadelphia, PA 19103<br>(215) 252-9600<br>NPatel@Polsinelli.com<br>CThomas@Polsinelli.com<br><br>*Attorneys for Defendants* | Todd D. Wozniak, Esq. (*pro hac vice*)<br>Holland & Knight LLP<br>1180 West Peachtree Street N.W., Suite 1800<br>Atlanta, GA 30309<br>Todd.wozniak@hklaw.com<br><br>*Attorneys for Defendants* |
| Kayla L. Pragid, Esq. (*pro hac vice*)<br>Holland & Knight LLP<br>777 S. Flagler Dr., Suite 1900 W<br>West Palm Beach, FL 33401<br>Kayla.Pragid@hklaw.com<br><br>*Attorneys for Defendants* | Andrew W. Balthazor, Esq. (*pro hac vice*)<br>Holland & Knight LLP<br>701 Brickell Avenue, Suite 3300<br>Miami, FL 33131<br>Andrew.balthazor@hklaw.com<br><br>*Attorneys for Defendants* |

                          */s/ Elizabeth Hopkins*
                          Elizabeth Hopkins