IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT F. COCKERILL et al., *Plaintiffs,* v. CORTEVA, INC. et al., *Defendants.* | CIVIL ACTION NO. 21-3966 |
|---|---|

**MEMORANDUM RE: APPOINTMENT OF SPECIAL MASTER**

**Baylson, J.**                                                                                                                **December 19, 2024**

The Defendants have filed an objection to the Special Master appointment (ECF 315). The language used by Defendants in their objections is confusing and non-persuasive. In the first place, this Court is filing, along with this Memorandum, 380 detailed Findings of Fact and many Conclusions of Law, together with a verdict in favor of the Plaintiffs on Counts IV and VI and against the Plaintiffs as to Count V and an Order Appointing a Special Master.

Thus, this case is not yet in post-trial, but is ongoing. The initial trial was limited to issues of liability, which have now been decided in favor of Plaintiffs as to Counts II, IV and VI. Bifurcation of an ERISA case where there has been a verdict on some counts on liability in favor of Plaintiffs requires the Court to conduct further proceedings to determine to what relief, if any, Plaintiffs and Class Members are entitled. Defendants' memorandum appears to concede that if there is final determination that Plaintiffs are entitled to relief, then this Court has the obligation to rule. However, until final judgment has been entered, this Court retains jurisdiction and the ability to make factual findings on disputes to determine what relief is due, including damages and/or equitable relief.

The administration of an award in an ERISA case can be complex. Because Defendants are large U.S.-based corporations, some of which have been in existence for over one century, the remedy phase of this case must be handled carefully. A Special Master must proceed "with all

reasonable diligence," Fed. R. Civ. P. 53(b)(2), and flexibility to investigate appropriate remedies, interview potential third-party consultants, and get both counsels' reactions on different issues, which can be more informal than when those topics are discussed on the record in a courtroom with both counsel present. The Special Master will have authority to discuss these issues with counsel for one side on an ex parte basis as necessary. The specific text of Rule 53 does not contain an exhaustive list or any limits of tasks to be performed by a Special Master, who are frequently appointed by many judges of this Court to assist in various stages of litigation, much more broadly than limited to the subparagraphs of Rule 53(a).

Although the Defendants' memorandum states that Defendants object to Mr. Bazelon specifically, they do not give any reasons. Defendants suggest that Judge Thomas J. Rueter be considered as an alternative. Judge Rueter is very experienced, but was previously been appointed to attempt to mediate a settlement in this case and has reported that, to date, Defendants do not appear interested in settling. The Court believes there should be a separation between a settlement master and a "remedies" master. There is no undue expense with Judge Rueter continuing his services as a mediator along with Mr. Bazelon serving as Master on the recommendation of damages/remedies following the verdict in favor of the Plaintiffs on Counts II, IV and VI.

The undersigned knows Mr. Bazelon very well for many years, and he has a distinguished record as a commercial litigator in this courthouse and throughout Pennsylvania. For 16 years, he served in a pro bono capacity as Chairman of the Redevelopment Authority of Philadelphia. He has advised me he is able to start working on this case promptly and to complete his duties expeditiously.

Mr. Bazelon has reported to me that another judge of this court, the Honorable Cynthia Rufe, has recently approved his compensation at $900 per hour and this Court will also allow that

amount on an hourly basis. Mr. Bazelon may request interim payments of his fee based on time spent. In addition, if any third-party expert consultants request an advance retainer, Mr. Bazelon can recommend to the Court how much should be paid, and if approved, it is likely that the Court will require Defendants to make that payment since Plaintiffs are the "prevailing party."

The Court envisions the following schedule is appropriate, and will require all counsel to expend the appropriate time to represent their clients along the following schedule:

1. Parties are to identify the third-party benefit consultants that they are, jointly or separately, hiring (should they wish to do so) by **January 30, 2025**.

2. Plaintiffs shall file a detailed proposal (with or without expert/consultant contributions in the form of a report) by **February 18, 2025.**

3. Defendants shall respond to Plaintiffs' proposal by **February 28, 2025.**

4. If after the proposals, the Special Master believes he should retain an independent expert or consultant, he shall promptly notify the Court. The parties will have seven (7) days from such notification to file any objection with the Court.

5. Parties' briefs to the Special Master on their proposals shall be filed by **March 17, 2025.** The Special Master may specify issues for the parties to address in the briefs.

6. The Special Master shall file a Report & Recommendation by **March 28, 2025**. The parties will have fourteen (14) days from the filing of the Report and Recommendation to file their objections.

7. Unless there is a need for a trial before this Court, the Court intends to issue its Final Judgment by **April 15, 2025**

The above schedule may seem aggressive and, for good cause, the Court will consider extensions as long as some progress is being made. The recommendation of Mr. Bazelon as to

extensions will be given great weight, but assuming that both parties are cooperating with him in an effort to arrive at a final judgment promptly may require some extension of the above dates.

The Court has also reviewed the Plaintiffs' statement concerning the proposal of a Special Master (ECF 316), which proposes two other individuals known to Plaintiffs' counsel, but not known to the Court. The Court will nonetheless appoint Mr. Bazelon in this role for the reasons stated above, and also because he is located in Philadelphia and the Court believes that the remedies aspect of this case will take place more expeditiously with a Special Master located in Philadelphia. However, the Court will have no objection and, in fact, recommends, Mr. Bazelon contact Justican Mediation, LLC, as recommended by Plaintiffs, as they may be appropriate third-party consultants to recommend remedies in the nature of providing benefits to certain Class Members who are entitled to relief

**CLASS ACTION NOTICE.** As this case has been certified as a class action, at some point notice must be sent to members of the class, and under Rule 23, every member of each class is entitled to "opt out" of any recovery/settlement that may have been agreed upon or will have been ordered by the Court. The Master shall discuss this topic with counsel for both parties and include a recommendation on this topic to the Court.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 21\21-3966 Cockerill et al v. Corteva, Inc\21cv3966 Memorandum re Objections to Special Master.docx

4